John T. Burnite (SBN 162223)
**McDOWELL HETHERINGTON LLP**
1999 Harrison Street, Suite 2050
Oakland, CA 94612
Telephone:  510.628.2145
Facsimile:  510.628.2146
Email:  john.burnite@mhllp.com

Attorneys for Defendant
TRANSAMERICA
LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA –SACRAMENTO DIVISION

| | |
|---|---|
| ZOHRAB BAHRIKYAN,<br><br>  Plaintiff,<br><br>  v.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY and DOES 1 through 40, inclusive,<br><br>  Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION BY TRANSAMERICA LIFE INSURANCE COMPANY**<br><br>**28 U.S.C. SECTION 1441(B)(DIVERSITY)** |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Transamerica Life Insurance Company ("TLIC") hereby removes the above-captioned action to this Court from the Superior Court of California, Sacramento County, where it is currently pending as Case No. 34-2022-00318218 (the "State Court Action"). As set forth below, TLIC has complied with the statutory requirements for removal under 28 U.S.C. §§ 1441 and 1446, and this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Further, venue is proper in this Court as State Court Action was filed in Sacramento, California. *See* L.R. 120(d); *see also* 28 U.S.C. § 84(b) (listing the California counties subject to venue within

the Eastern District of California).

## I. COMMENCEMENT AND SERVICE

1. On April 12, 2022, Plaintiff commenced the State Court Action against TLIC by filing their suit in the Superior Court of the State of California, Sacramento County, styled *Zohrab Bahrikyan as Beneficiary of his Deceased Wife Amalya Sukiasyan v. Transamerica Life Insurance Company, and Does 1-40, inclusive*, Case No. 34-2022-00318218. A true and correct copy of the complaint filed in the State Court Action (the "Complaint" or "Compl.") is attached as **Exhibit 1** hereto.

2. TLIC accepted service of the Complaint on April 25, 2022. Pursuant to L.R. 101 (definition of "Removed Cases"), 28 U.S.C. § 1446(a), and 28 U.S.C § 1447(b), copies of all documents served on TLIC on that date are attached as **Exhibit 2** hereto, and copies of all records and proceedings filed in the State Court Action are attached as **Exhibit 3** hereto.

3. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of California, Sacramento County, and written notice of the filing of this Notice of Removal will be given to counsel for Plaintiff.

## II. GROUNDS FOR REMOVAL

4. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed within thirty days of TLIC accepting service of the Complaint, which, as indicated above, occurred on April 25, 2022. This Notice of Removal is also filed within one year of the commencement of the State Court Action, and is thus timely pursuant to 28 U.S.C. § 1446(c).

5. Further, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

6. Plaintiff alleges that he "is now and at all times" a resident of Sacramento

County, California. *See* Compl. ¶ 1, Ex. 1. Based upon this allegation, TLIC's records, and publicly available information, TLIC is informed and believes Plaintiff is a citizen of and domiciled in the State of California. *See Kanto v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) (a natural person has the citizenship of the place of his domicile).

7. TLIC, a corporation, is a life insurance company incorporated under the laws of Iowa with its principal place of business, home office, and corporate headquarters in Iowa, from which management directs, controls, and coordinates most of the company's activities. Therefore, TLIC is a citizen of Iowa for diversity jurisdiction purposes. *See 3123 SMB LLC v. Horn*, 880 F.3d 461, 462-63, 465 (9th Cir. 2018) (recognizing that a corporation's principal place of business, and thus citizenship, should normally be where a corporation maintains its headquarters) (citing *Hertz Corp. vs. Friend*, 559 U.S. 77 (2010)).

8. The Complaint also names Doe Defendants "1 through 40". Compl. ¶ 4, Ex. 1. For purposes of removal, however, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Therefore, the inclusion of "Doe" defendants in the Complaint has no effect on removability.

9. Accordingly, the citizenship of the parties in this action is diverse.

10. Plaintiff also seeks monetary relief well in excess of $75,000.00. In particular, Plaintiff alleges he suffered damages of $500,000.00, plus interest. *See id.* ¶¶ 18-19. Plaintiff also seeks non-economic damages for past and future emotional pain and suffering, exemplary damages pursuant to California Civil Code § 3294, and attorney's fees. *See id.* ¶¶ 33-36, 39-40. Accordingly, since the total amount in controversy exceeds the sum of $75,000.00, this Court has jurisdiction under 28 U.S.C. § 1332.

### III.   PLAINTIFF'S ALLEGATIONS AND FACTUAL BACKGROUND

11. This is a case arising out of the denial of a life insurance death benefit. *See generally*, Compl., Ex. 1. Plaintiff contends that he is the beneficiary of a $500,000.00 life insurance policy issued to his wife, Amalya Sukiasyan, on August 10, 2019. *See id.* ¶¶ 7, 13. Plaintiff alleges that his wife died on April 16, 2021. *Id.* ¶ 2. He contends further that he timely notified TLIC of his wife's death and submitted a claim on or about April 26,

2021, which he also alleges was subsequently denied by TLIC on or about November 18, 2021. *See id.* ¶¶ 10, 14.

12. Plaintiff asserts claims for (1) breach of contract and (2) breach of the implied covenant of good faith and fair dealing. Among other relief, Plaintiff seeks damages for TLIC's failure to pay a death claim, general damages, special damages, past and future emotional pain and suffering, punitive damages, and attorney's fees. *See id.*, prayer.

### IV. CONSENT TO REMOVAL

13. No consent to removal is necessary as TLIC is the only named defendant in this lawsuit.

### V. JURY DEMAND

14. Plaintiff demanded a jury trial in the Complaint.

### VI. CONCLUSION

15. WHEREFORE, TLIC, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this action from the Superior Court of the State of California, Sacramento County, to this Court.

Dated: May 25, 2022                     McDOWELL HETHERINGTON LLP


By: */S/ John T. Burnite*
    John T. Burnite

Attorneys for Defendant
TRANSAMERICA LIFE INSURANCE COMPANY

# CERTIFICATE OF SERVICE

At the time of service I was over 18 years of age and not a party to this action. I am employed by McDOWELL HETHERINGTON LLP. My business address is 1999 Harrison Street, Suite 2050, Oakland, CA 94612. My business telephone number is (510) 628-2145; my business fax number is (510) 628-2146. On May 25, 2022, I served the following document(s):

**NOTICE OF REMOVAL OF ACTION BY TRANSAMERICA LIFE INSURANCE COMPANY**

**CIVIL CASE COVER SHEET**

on the person or persons listed below, through their respective attorneys of record in this action, by placing true copies thereof in sealed envelopes or packages addressed as shown below by the following means of service:

| | |
|---|---|
| Kevin W. Harris<br>Attorney at Law<br>1387 Garden Hwy., Suite 200<br>Sacramento, CA 95833<br>Tel: (916) 271-0688<br>Fax: (855) 800-4454<br><br>Ryan P. Friedman<br>FRIEDMAN LAW FIRM, INC.<br>1383 Garden Hwy., Suite 200<br>Sacramento, CA 95833<br>Tel: (916) 800-4454<br>Fax: (855) 800-4454<br>Email: Ryan@friedman-firm.com | Attorneys for Plaintiff Zohrab Bahrikyan |

**Via U.S. Mail and Electronic Service**

[x]   By enclosing a true and correct copy thereof in a sealed envelope and, following ordinary business practices, said envelope was placed for mailing and collection in the offices of McDowell Hetherington LLP in the appropriate place for mail collected for deposit with the United States Postal Service. I am readily familiar with the Firm's practice for collection and processing of correspondence/ documents for mailing with the United States Postal Service and that said correspondence/documents are deposited with the United States Postal Service in the ordinary course of business on this same day.

[x]   As a courtesy, I caused the documents to be sent to the persons at the electronic notification addresses listed above.

I declare under penalty of perjury that the foregoing is true and correct.

    EXECUTED on May 25, 2022, at Oakland, California.

                                                    */s/ Wilma Cabrera*
                                                     Wilma Cabrera