Kevin W. Harris (SBN 133084)
**Attorney at Law**
1387 Garden Hwy., Ste. 200
Sacramento CA 95833
Telephone: 916.271.0688
Facsimile: 855.800.4454

Attorney for Plaintiff
ZOHRAB BAHRIKYAN

John T. Burnite (SBN 16223)
**McDOWELL HETHERINGTON LLP**
1999 Harrison Street, Suite 2050
Oakland, CA 94612
Telephone: 510.628.2145
Facsimile: 510.628.2146
Email: john.burnite@mhllp.com

Jarrett E. Ganer (*Admitted Pro Hac Vice*)
Micah A. Grodin (*Admitted Pro Hac Vice*)
**MCDOWELL HETHERINGTON LLP**
1001 Fannin Street, Suite 2700
Houston, TX  77002
Telephone:  713-337-5580
Facsimile:   713-337-8850
Email: jarrett.ganer@mhllp.com
Email: micah.grodin@mhllp.com

Attorneys for Defendant
TRANSAMERICA
LIFE INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZOHRAB BAHRIKYAN, | No. 2:22-cv-0894 MCE DB |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| TRANSAMERICA LIFE INSURANCE COMPANY and DOES 1 through 40, inclusive, | |
| Defendants. | |

**1.      PURPOSES AND LIMITATIONS/GOOD CAUSE STATEMENT**

Disclosure and discovery activity in this action are likely to involve production of confidential and proprietary actuarial, business, technical, and financial information from Transamerica Life Insurance Company ("TLIC") as well as private information of Plaintiff Zohrab Bahrikyan or the insured for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, Plaintiff and Defendant Transamerica Life Insurance Company ("TLIC") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order").  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3 (Filing Protected Material), below, that this Protective Order does not entitle them to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.  Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial.  Such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

1  **2.** **DEFINITIONS**

2      2.1    <u>Acknowledgment</u>: the "Acknowledgment and Agreement to be Bound"

3  form attached as Exhibit A to this Order.

4      2.2    <u>Action</u>: *Zohrab Bahrikyan v. Transamerica Life Insurance Company*,

5  Case No. 2:22-cv-00894-MCE-DB.

6      2.3    <u>Challenging Party</u>: A party or non-party that challenges the designation

7  of information or items under this Order.

8      2.4    <u>"CONFIDENTIAL" Information or Items</u>: Confidential and proprietary

9  actuarial, business, technical, and financial information from TLIC as well as private

10  information of Plaintiff Zohrab Bahrikyan or the insured which is not generally

11  known or publicly available and which the designating party would not normally

12  reveal to third parties or information (regardless of how it is generated, stored, or

13  maintained) that otherwise meets the standard for protection set forth in Rule 26© of

14  the Federal Rules of Civil Procedure.  It is the intent of the parties that information

15  will not be designated as confidential for tactical reasons and that nothing be so

16  designated without a good faith belief that it has been maintained in a confidential

17  non-public manner, and there is good cause why it should not be part of the public

18  record of this Action.

19      2.5    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House

20  Counsel (as well as their support staff).

21      2.6    <u>Designating Party</u>: A party or non-party that designates information or

22  items that it produces or that are produced in disclosures or in response to discovery

23  as "CONFIDENTIAL."

24      2.7    <u>Disclosure or Discovery Material</u>: All items or information, regardless

25  of the medium or manner in which it is generated, stored, or maintained (including,

26  among other things, testimony, transcripts, and tangible things), that are produced or

27  generated in disclosures or responses to discovery in this matter.

28

2.8     Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.   This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.9     House Counsel: Attorneys who are employees for a Party.   House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10   Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

2.12   Party: Any party to this Action, including its officers, directors, employees, consultants, retained experts, House Counsel, and Outside Counsel of Record (and their support staffs).

2.13   Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14   Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.16   Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.     SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected

Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel or their Experts that might reveal Protected Material.  However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including become part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order of the trial judge.  This Order does not govern the use of Protected Material at trial.

**4.   <u>DURATION</u>**

FINAL DISPOSITION shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trial, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  Except as set forth below, the terms of this Order apply through FINAL DISPOSITION.  The parties stipulate that they will be contractually bound by the terms of this agreement beyond FINAL DISPOSITION, and that they will have to file a separate action for enforcement of the agreement once FINAL DISPOSITION of the action occurs.  Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after final disposition.

**5.   <u>DESIGNATING PROTECTED MATERIAL</u>**

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under

1   this Order must take care to limit any such designation to specific material that

2   qualifies under the appropriate standards.  To the extent it is practical to do so, the

3   Designating Party must designate for protection only those parts of material,

4   documents, items, or oral or written communications that qualify so that other

5   portions of the material, documents, items, or communications for which protection

6   is not warranted are not swept unjustifiably within the ambit of this Order.

7   While mass, indiscriminate, or routinized designations are prohibited, the

8   Parties recognize that manually analyzing and designating large numbers of

9   documents one-by-one for confidentiality can be an unduly burdensome task.  The

10  Parties agree that each Party may reasonably rely on metadata information and good-

11  faith searches to designate documents for protection.  Designations that are shown to

12  be clearly unjustified or that have been made for an improper purpose (e.g., to

13  unnecessarily encumber the case development process or to impose unnecessary

14  expenses and burdens on other parties) may expose the Designating Party to

15  sanctions.

16  If it comes to a Designating Party's attention that information or items that it

17  designated for protection do not qualify for protection, that Designating Party must

18  promptly notify all other Parties that it is withdrawing the inapplicable designation.

19  5.2   Manner and Timing of Designations.  Except as otherwise provided in

20  this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise

21  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

22  under this Order must be clearly so designated before the material is disclosed or

23  produced.  Designation in conformity with this Order requires:

24  (a) for information in documentary form (e.g., paper or electronic

25  documents, but excluding transcripts of depositions or other pretrial or trial

26  proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each

27  page that contains protected material.  If only a portion or portions of the material on

28

a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which materials it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) any Party may designate as Protected Material testimony given in a deposition or in other pretrial or trial proceedings by informing the reporter during the deposition or by sending a letter to all Outside Counsel of Record and to the deposition reporter designating by page and line any portions of the transcript to be so restricted, or the entire transcript if applicable, within thirty (30) days after receiving the deposition transcript.

During this 30-day period, a transcript will be treated as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

When deposition testimony is designated Protected Material by informing the reporter during the deposition, the transcript containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers-as

appropriate) that have been designated as Protected Material.  The Designating Party shall inform the court reporter of these requirements.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4    Protected Health Information.    Additionally, certain Confidential Information or Items may be Protected Health Information ("PHI") as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the regulations promulgated thereunder at 45 C.F.R. § 160.103.  Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify an individual.  All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose PHI to all attorneys now of record in this Action or who may become of record in the future in this Action.  Subject to the Federal Rules of Civil Procedure, and without prejudice to any Party's objection except as otherwise provided herein, the Parties are authorized to receive, subpoena, transmit, or disclose PHI relevant to

the claims at issue in this Action, subject to all terms of this Order.  All PHI disclosed under this Order must be designated as Confidential Information pursuant to this Order.  A Receiving Party which receives PHI in discovery shall not use or disclose such PHI for any purpose other than this Action.   To the extent documents or information produced in this Action have already been exchanged or will again be exchanged between the Parties in the normal course of business, treatment of such documents prior to or after the conclusion of this Action shall be governed by this Order.

5.5    Specific Provisions Concerning the Disclosure of Personally Identifiable Information ("PII").  When PII (e.g., names, addresses, Social Security numbers, phone numbers, etc.) is disclosed between the Parties as authorized by this Order, the PII of any individuals whose claims are not at issue in this lawsuit and who are otherwise identified in the Discovery Material may either be redacted to protect the identity of such individuals or produced without redactions.  Upon receipt of any PII, a Receiving Party shall take all reasonable measures necessary for protecting the PII from unauthorized disclosure as required under both state and federal law.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS.

6.1    Timing of Challenges.   Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.   Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.   The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a

challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3   <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Local Rule 251 within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion shall comply with the undersigned's standard information.  Failure by the Designating Party to make such a motion within 21 days (or 14 days, if appliable) shall automatically waive the confidentiality designation for each challenged designation.   In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.  Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

1    The burden of persuasion in any such challenge proceeding shall be on the
2  Designating Party.  Frivolous designations or challenges, and those designations or
3  challenges made for an improper purpose (e.g., to harass or impose unnecessary
4  expenses and burdens on other parties) may expose the respective Designating Party
5  or Challenging Party to sanctions.  Unless the Designating Party has waived or
6  withdrawn the confidentiality designation by failing to file a motion to retain
7  confidentiality as described above, all parties shall continue to afford the material in
8  question the level of protection to which it is entitled under the Producing Party's
9  designation until the Court rules on the challenge.

10  **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

11    7.1    Basic Principles.  A Receiving Party may use Protected Material that is
12  disclosed or produced by another Party or by a Non-Party in connection with this
13  Action only for prosecuting, defending, or attempting to settle this Action.  Such
14  Protected Material may be disclosed only to the categories of persons and under the
15  conditions described in this Order.  When the Action has been terminated, a
16  Receiving Party must comply with the provisions of section 13 below (FINAL
17  DISPOSITION).  Protected Material must be stored and maintained by a Receiving
18  Party at a location and in a secure manner that ensures that access is limited to the
19  persons authorized under this Order.

20    7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless
21  otherwise ordered by the Court or permitted in writing by the Designating Party, a
22  Receiving  Party  may  disclose  any  information  or  item  designated
23  "CONFIDENTIAL" only to:

24    (a) the Receiving Party's Outside Counsel of Record in this Action, as
25  well as employees of said Outside Counsel of Record to whom it is reasonably
26  necessary to disclose the information for this Action and who have signed the
27  Acknowledgement;

28

(b) the Receiving Party, including officers, directors, employees, or consultants, advisors, insurers and/or reinsurers of the Receiving Party to whom disclosure is reasonably necessary;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgment;

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgment;

(f) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the Acknowledgment; and (2) they will not be permitted to keep any confidential information unless they sign the Acknowledgment, unless otherwise agreed by the Designating Party or ordered by the Court;

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions and who have signed the Acknowledgment; and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information

## 8.   **PROTECTED   MATERIAL   SUBPOENAED   OR   ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Order;

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected; and

(d) otherwise comply with any applicable HIPAA rules or regulations with respect to any response or production in connection with a discovery request or subpoena.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1    (1) promptly notify in writing the Requesting Party and the Non-Party

2    that some or all of the information requested is subject to a confidentiality agreement

3    with a Non-Party;

4    (2) promptly provide the Non-Party with a copy of the Order in this

5    Action, the relevant discovery request(s), and a reasonably specific description of the

6    information requested; and

7    (3) make the information requested available for inspection by the Non-

8    Party, if requested.

9    (c) If the Non-Party fails to seek a protective order from this court within 14

10   days of receiving the notice and accompanying information, the Receiving Party may

11   produce the Non-Party's confidential information responsive to the discovery

12   request.  If the Non-Party timely seeks a protective order, the Receiving Party shall

13   not produce any information in its possession or control that is subject to the

14   confidentiality agreement with the Non-Party before a determination by the court.

15   Absent a court order to the contrary, the Non-Party shall bear the burden and expense

16   of seeking protection in this court of its Protected Material.

17   **10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

18   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

19   Protected Material to any person or in any circumstance not authorized under this

20   Order, the Receiving Party must immediately (a) notify in writing the Designating

21   Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

22   unauthorized copies of the Protected Material, (c) inform the person or persons to

23   whom unauthorized disclosures were made of all the terms of this Order, and (d)

24   request such person or persons to execute the Acknowledgment.

25   **11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>**

26   **<u>PROTECTED MATERIAL</u>**

27   When a Producing Party gives notice to Receiving Parties that certain

28   inadvertently produced material is subject to a claim of privilege or other protection

(e.g., work product immunity), the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Pursuant to Federal Rule of Evidence 502(d) and (e), the parties agree that the inadvertent or unintentional disclosure by the Producing Party of material that is privileged or subject to other protection shall not be deemed a waiver in whole or in part of the claim of privilege or other protection, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter.

Upon learning of an inadvertent or unintentional disclosure of privileged information ("Privileged Material"), the Producing Party shall provide written notice to the parties who have received the Privileged Material, identifying the Privileged Material by Bates number and the privilege protection relied upon..  Within ten business days of the date of that written notice, the Receiving Party shall sequester, destroy, or return the Privileged Material so identified and all copies thereof, and in the same time frame, shall sequester or destroy any notes or other writing or recordings that copy, summarize, reflect, or discuss the content of the documents or materials (collectively the "Privileged Notes"). Upon request of the Producing Party, the Receiving Party shall provide written notice of any sequestration or destruction of the Privileged Material and Privileged Notes. Other than in connection with proceedings contemplated by the last paragraph of Section 11 of this Order, no use shall be made of Privileged Material or Privileged Notes during deposition or at trial, and the Receiving Party, its employees, Outside Counsel of Record, and Experts shall not provide Privileged Material to anyone who did not already have access to them prior to the request by the Producing Party that they be returned.

If the Receiving Party intends to challenge the assertion of privilege, it must provide written notice within this ten-day period explaining the grounds for its challenge. The Receiving Party shall initiate the dispute resolution process set forth in Section 6 of this Order within ten business days of the date of service of the Receiving Party's notice disputing the claim of inadvertent production.

If the Parties cannot resolve a challenge without court intervention, the Receiving Party may move the Court for an order compelling production of any inadvertently produced or disclosed document or material in compliance with Local Rule 251, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure.  Pending the Court's ruling, the Receiving Party challenging the assertion of privilege shall continue to sequester the Privileged Documents and Privileged Notes and shall not make any use of such information.

## 12.    **MISCELLANEOUS**

12.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    <u>Filing Protected Material</u>.  The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal.  Parties are advised that any request to seal documents in this district is governed by Local Rule 141.  In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules.  In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted to access the document, and all relevant information." L.R. 141(b).

A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most,

"tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal. If a Party's request to file Protected Material under seal pursuant to Local Rule 141 is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.4   <u>Modification</u>. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

**13.   <u>FINAL DISPOSITION</u>**

Within 60 days after the final disposition of this Action, as defined in Section 4 (DURATION), each Receiving Party must return all Protected Material to the Producing Party or destroy such material, except such material that exists on back-up tapes or similar storage and systems, in which case such material need not be immediately deleted or destroyed, and instead, should be overwritten and destroyed in the normal course of business. Until that material is overwritten and destroyed in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not

retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.   Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: November 1, 2022                    KEVIN W. HARRIS

By: _/s/ Kevin W. Harri_)
    Kevin W. Harris

Attorney for Plaintiff
ZOHRAB BAHRIKYAN

Dated: November 1, 2022                    McDOWELL HETHERINGTON LLP

By: _/s/ John T. Burnite_
    Jarrett E. Ganer
    Micah A. Grodin
    John T. Burnite

Attorneys for Defendant
TRANSAMERICA LIFE INSURANCE
COMPANY

## **CERTIFICATION**

I, John T. Burnite, in accordance with Local Rule 131, attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing on November 1, 2022.


Dated: November 1, 2022            /s/ John T. Burnite
                                   John T. Burnite

# ORDER

IT IS HEREBY ORDERED that the parties' stipulation is granted.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the ////

procedures outlined in Local Rule 251.  Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6.  The parties may not modify the terms of this Protective Order without the court's approval.  If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7.  Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8.  Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: November 3, 2022          /s/ DEBORAH BARNES
                                 UNITED STATES MAGISTRATE JUDGE

EXHIBIT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of *Zohrab Bahrikyan v. Transamerica Life Insurance Company,* Case No. 2:22-cv-00894-MCE-DB.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.  I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____